Schofield, L

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Shenzhen Smoore Technology Ltd.*

19CV9896

JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENZHEN SMOORE TECHNOLOGY LTD., <br><br> *Plaintiff* <br><br> v. <br><br> ANUONUO INTERNATIONAL TRADE COMPANY, BAOLFASHION, BOWEI E-CIGARETTES STORE, CAPRICE, CHI NA TECH (HZ) CO., LTD., CMKTECH, DAIZHIWEI, DIHAO ELECTRONIC TECHNOLOGY (SHENZHEN) LIMITED, DINGXINYAN, DONGGUAN CACUQ ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN JIANQIAO HARDWARE PRODUCTS CO., LTD., DONGGUAN RHS HOME ACCESSORIES FACTORY, EASTPUDOG, E-CIGARETTE STORE, EVAFUN E-CIGARETTES STORE, EXPLORER OUTDOOR SPORTS CLUB, FADED, FASHION-FAT, FLOWERSBUD, GARDON, GREEN CIGS, GUANGXI BAYENGTONG TECHNOLOGY CO., LTD., GUOHUIHUI, HANRONG, HEBEI BONSTER TECHNOLOGY CO., LTD., HORIZON_ELECTRONIC, INEEKVAPE, INEEKVAPE STORE, IPHONE, IVAPE STORE, IVVE.GOODS, JINHUA CHIDAO E-COMMERCE CO., LTD., KRISTY21, KUJATA515, LIUHUI884, MOMSMONEY04, NEWLIVESTYLE, OMNIPOTENT-UP, SEX- | Civil Case No.: <br><br> [PROPOSED] <br> 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY <br><br> **FILED UNDER SEAL** |

PLAZA2014, SHENGZHEN NUOHENGDA ELECTRONIC TECHNOLOGY CO., LTD.,SHENZHEN AIWOSEN TECHNOLOGY CO., LIMITED, SHENZHEN APEXTOR TECHNOLOGY CO., LTD., SHENZHEN A-TOUCH ELECTRONIC CO., LTD., SHENZHEN AVBAD TECHNOLOGY CO., LTD., SHENZHEN B&E TECHNOLOGY CO., LTD., SHENZHEN BOYOU YUYUN TECHNOLOGY CO., LTD., SHENZHEN BROSVAPOR TECHNOLOGY CO., LTD., SHENZHEN BUDDY TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN CHANGING TECHNOLOGY CO., LTD., SHENZHEN CHENMAN TECHNOLOGY CO., LTD., SHENZHEN CLOUDY TECHNOLOGY CO., LTD., SHENZHEN E-UNION TECHNOLOGY CO., LTD., SHENZHEN EVER DELI TECHNOLOGY CO., LTD., SHENZHEN EXERTION HARDWARE PRODUCTS CO., LTD., SHENZHEN GLOBALEVAPOR TECHNOLOGY COMPANY LIMITED, SHENZHEN GLOBALSELL TECHNOLOGY CO., LTD., SHENZHEN GOLDEN TRADING CO., LTD., SHENZHEN GREEN ALLIANCE TECHNOLOGY CO., LTD., SHENZHEN HENGSHIJIAN TECHNOLOGY CO., LTD., SHENZHEN HONG CHUANG NEW ENERGY TECHNOLOGY CO., LTD., SHENZHEN IBELI TECHNOLOGY CO., LTD., SHENZHEN IISMOOKER TECHNOLOGY CO., LTD., SHENZHEN INNSEED TECHNOLOGY CO., LTD., SHENZHEN ITSUWA ELECTRON CO., LTD., SHENZHEN JIAHAOJIA TECHNOLOGY CO., LIMITED, SHENZHEN KAIWEI ELECTRONICS CO., LTD., SHENZHEN KALESI ELECTRONICS CO., LTD., SHENZHEN LEMAGA TECHNOLOGY CO., LTD., SHENZHEN LEXIN TONG DIGITAL TECHNOLOGY CO., LTD., SHENZHEN LINCOE TECHNOLOGY CO., LTD., SHENZHEN LISHENG TECHNOLOGY CO., LTD., SHENZHEN LIUYANG CHUANGZHI TECHNOLOGY CO., LTD., SHENZHEN LOTUS ELECTRON CO., LTD., SHENZHEN LTQ VAPOR ELECTRONICS CO., LTD., SHENZHEN LUMIN INTELLIGENT TECHNOLOGY CO., LTD., SHENZHEN MINGJIETONG TECHNOLOGY LTD., SHENZHEN MINGXIN ASON TECHNOLOGY CO., LTD., SHENZHEN MIST TECHNOLOGY

DEVELOPMENT CO., LTD., SHENZHEN NEXTREND TECHNOLOGY CO., LTD., SHENZHEN NICKVI TECHNOLOGY CO., LTD., SHENZHEN ONE LIGHT YEAR TECHNOLOGY CO., LTD., SHENZHEN OVNS TECHNOLOGY CO., LTD., SHENZHEN RELAXO TECHNOLOGY CO., LTD., SHENZHEN SELLOT ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN SERISVAPE TECHNOLOGY CO., LTD., SHENZHEN SKEY TECHNOLOGY CO., LTD., SHENZHEN SYIKO TECHNOLOGY CO., LTD., SHENZHEN THUNDERSTONE TECHNOLOGY CO., LTD., SHENZHEN THUNDERY TECHNOLOGY CO., LIMITED, SHENZHEN UNION TECHNOLOGY SHARES CO., LTD., SHENZHEN UNITED CHONG HING INDUSTRIAL CO., LTD., SHENZHEN VAPE LAB CO., LTD., SHENZHEN VAPESOURCING ELECTRONICS CO., LTD., SHENZHEN WEJOY TECHNOLOGY CO., LTD., SHENZHEN XINXINXIN TECHNOLOGY CO., LTD., SHENZHEN XLC TECHNOLOGY CO., LTD., SHENZHEN YARK TECHNOLOGY CO., LTD., SHENZHEN YDF ELECTRONIC CO., LTD., SHENZHEN YGREEN TECHNOLOGY CO., LTD., SHENZHEN YIYEXIN TECHNOLOGY CO., LTD., SHENZHEN YPP TECHNOLOGY CO., LTD., SHENZHEN ZHAODENG PHOTOELECTRICITY CO., LTD., SOULMATE VAPE STORE, SUNLIGHT WORK ROOM, TABLEOK, TORCH TECHNOLOGY (SHENZHEN) CO., LTD., TRAIL-BLAZER21, TRS-SELLER2012, TRUSTSELLER2018, WANGMINGLI, WEIHONG9901, XUANZI, ZHAOYANGYANG, ZHENAIYICUN@163.COM AND ZHENJIANG MOK ELECTRONIC CIGARETTE TECHNOLOGY CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| Plaintiff or Smoore | Shenzhen Smoore Technology Ltd. |
| Defendants | Anuonuo International Trade Company, baolfashion, BoWei E-Cigarettes Store, caprice, Chi Na Tech (HZ) Co., Ltd., cmktech, daizhiwei, Dihao Electronic Technology (Shenzhen) Limited, dingxinyan, Dongguan Cacuq Electronic Technology Co., Ltd., Dongguan Jianqiao Hardware Products Co., Ltd., Dongguan RHS Home Accessories Factory, eastpudog, e-cigarette Store, EvaFun E-Cigarettes Store, Explorer Outdoor Sports Club, faded, fashion-fat, flowersbud, gardon, Green Cigs, Guangxi Bayengtong Technology Co., Ltd., guohuihui, hanrong, Hebei Bonster Technology Co., Ltd., horizon_electronic, ineekvape, iNeekvape Store, iphone, iVape Store, ivve.goods, Jinhua Chidao E-Commerce Co., Ltd., Kristy21, kujata515, liuhui884, momsmoney04, newlivestyle, Omnipotent-up, sex-plaza2014, Shengzhen Nuohengda Electronic Technology Co., Ltd.,Shenzhen Aiwosen Technology Co., Limited, Shenzhen Apextor Technology Co., Ltd., Shenzhen A-Touch Electronic Co., Ltd., Shenzhen AVBAD Technology Co., Ltd., Shenzhen B&E Technology Co., Ltd., Shenzhen Boyou Yuyun Technology Co., Ltd., Shenzhen Brosvapor Technology Co., Ltd., Shenzhen Buddy Technology Development Co., Ltd., Shenzhen Changing Technology Co., Ltd., Shenzhen Chenman Technology Co., Ltd., Shenzhen Cloudy Technology Co., Ltd., Shenzhen E-Union Technology Co., Ltd., Shenzhen Ever Deli Technology Co., Ltd., Shenzhen Exertion Hardware Products Co., Ltd., Shenzhen Globalevapor Technology Company Limited, Shenzhen Globalsell Technology Co., Ltd., Shenzhen Golden Trading Co., Ltd., Shenzhen Green Alliance Technology Co., Ltd., Shenzhen Hengshijian Technology Co., Ltd., Shenzhen Hong Chuang New Energy Technology Co., Ltd., Shenzhen Ibeli Technology Co., Ltd., Shenzhen Hsmooker Technology Co., Ltd., Shenzhen Innseed Technology Co., Ltd., Shenzhen Itsuwa Electron Co., Ltd., Shenzhen Jiahaojia Technology Co., Limited, Shenzhen Kaiwei Electronics Co., Ltd., Shenzhen Kalesi Electronics Co., Ltd., Shenzhen Lemaga Technology Co., Ltd., Shenzhen Lexin Tong Digital Technology Co., Ltd., Shenzhen Lincoe Technology Co., Ltd., Shenzhen Lisheng Technology Co., Ltd., Shenzhen Liuyang Chuangzhi Technology Co., Ltd., |

| | | |
|---|---|---|
| | | Shenzhen Lotus Electron Co., Ltd., Shenzhen LTQ VAPOR Electronics Co., Ltd., Shenzhen Lumin Intelligent Technology Co., Ltd., Shenzhen Mingjietong Technology Ltd., Shenzhen Mingxin Ason Technology Co., Ltd., Shenzhen Mist Technology Development Co., Ltd., Shenzhen Nextrend Technology Co., Ltd., Shenzhen Nickvi Technology Co., Ltd., Shenzhen One Light Year Technology Co., Ltd., Shenzhen Ovns Technology Co., Ltd., Shenzhen Relaxo Technology Co., Ltd., Shenzhen Sellot Electronic Technology Co., Ltd., Shenzhen Serisvape Technology Co., Ltd., Shenzhen Skey Technology Co., Ltd., Shenzhen Syiko Technology Co., Ltd., Shenzhen Thunderstone Technology Co., Ltd., Shenzhen Thundery Technology Co., Limited, Shenzhen Union Technology Shares Co., Ltd., Shenzhen United Chong Hing Industrial Co., Ltd., Shenzhen Vape Lab Co., Ltd., Shenzhen Vapesourcing Electronics Co., Ltd., Shenzhen Wejoy Technology Co., Ltd., Shenzhen Xinxinxin Technology Co., Ltd., Shenzhen XLC Technology Co., Ltd., Shenzhen Yark Technology Co., Ltd., Shenzhen YDF Electronic Co., Ltd., Shenzhen Ygreen Technology Co., Ltd., Shenzhen Yiyexin Technology Co., Ltd., Shenzhen YPP Technology Co., Ltd., Shenzhen Zhaodeng Photoelectricity Co., Ltd., Soulmate Vape Store, Sunlight Work Room, tableok, Torch Technology (Shenzhen) Co., Ltd., trail-blazer21, trs-seller2012, trustseller2018, wangmingli, weihong9901, xuanzi, zhaoyangyang, zhenaiyicun@163.com and Zhenjiang Mok Electronic Cigarette Technology Co., Ltd. |
| | Alibaba | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| | AliExpress | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| | eBay | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to |

| | |
|---|---|
| | advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| Wish | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff |
| NAL | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| New York Addresses | 20 Cooper Square, New York, NY 10003<br>105 Avenue B, Apt 4B, New York, NY 10009<br>244 Madison Ave, Suite 411, New York, NY 10016<br>944 Havemeyer Ave, Bronx, NY 10473 |
| Complaint | Plaintiff's Complaint filed on October 25, 2019 |
| Application | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 25, 2019 |
| Zhu Dec. | Declaration of Derek Zhu in Support of Plaintiff's Application |
| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| Yamali Dec. | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| Smoore Brands | Smoore owns and operates numerous electronic cigarette brands, including CCELL and VAPORESSO |
| CCELL Products | Electronic cigarette products including cartridges, atomizers, batteries, disposables and related accessories promoted and sold through the CCELL |

| | |
|---|---|
| | brand |
| **VAPORESSO Products** | Electronic cigarettes including vape mods, kits, tanks, coils and related accessories promoted and sold through the VAPORESSO brand |
| **Smoore Products** | CCELL Products and VAPORESSO Products |
| **CCELL Marks** | U.S. Trademark Registrations Nos.: 5,633,060 for "CCELL" for goods in Class 34; 5,462,670 for "CCELL" for goods in Class 9; and 5,435,824 for "**CCELL**" for goods in Class 34 |
| **VAPORESSO Registration** | U.S. Trademark Registration No. 4,920,266 for "**Vaporesso**" for goods in Classes 9, 34 and 35 |
| **VAPORESSO Application** | U.S. Trademark Serial Application No. 88/603,037 for "VAPORESSO" for a variety of goods in Class 34 |
| **VAPORESSO Marks** | The marks covered by the VAPORESSO Registration and VAPORESSO Application |
| **Smoore Marks** | CCELL Marks and VAPORESSO Marks |
| **CCELL Website** | www.ccell.com |
| **VAPORESSO Website** | www.vaporesso.com |
| **Counterfeit Products** | Products bearing or used in connection with one or more of the Smoore Marks, and/or products in packaging and/or containing labels and/or hang tags bearing one or more of the Smoore Marks, and/or bearing or used in connection with marks that are confusingly similar to the Smoore Marks and/or products that are identical or confusingly similar to one or more of the Smoore Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, eBay and Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |

| | |
|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba, AliExpress, eBay and Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Jessica Arnaiz, Derek Zhu and Danielle S. Yamali, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Smoore is a leading developer, producer, marketer and distributor of quality, innovative electronic cigarette products;

2. Smoore owns and operates numerous electronic cigarette brands, including but not limited to CCELL and VAPORESSO;

3. The CCELL brand is used in connection with the promotion and sale of electronic cigarette products, namely, cartridges, atomizers, batteries, disposables and related accessories;

4. The VAPORESSO brand is used in connection with the promotion and sale of electronic cigarettes, namely, vape mods, kits, tanks, coils and related accessories;

5. Smoore promotes and sells its CCELL Products through only a few United States exclusive distributors, who distribute the CCELL Products to companies and individuals throughout

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

the United States;

6. Smoore promotes and sells its VAPORESSO Products through its network of global partners that include, but is not limited, to United States distributors, online wholesale, online retailers, and chains stores;

7. While Plaintiff has gained significant common law trademark and other rights in its Smoore Products, through use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations;

8. Smoore is the owner of the following U.S. Trademark Registrations Nos.: 5,633,060 for "CCELL" for goods in Class 34; 5,462,670 for "CCELL" for goods in Class 9; and 5,435,824 for "**CCELL**" for goods in Class 34;

9. The CCELL Marks are currently in use in commerce in connection with the CCELL Products;

10. Smoore is the owner of U.S. Trademark Registration No. 4,920,266 for "**Vaporesso**" for goods in Classes 9, 34 and 35. Smoore has applied for registration of "VAPORESSO", which is covered by U.S. Trademark Serial Application No. 88/603,037 for a variety of goods in Class 34;

11. The VAPORESO Marks are currently in use in commerce in connection with the VAPORESO Products;

12. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba, AliExpress, eBay and Wish (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

13. Defendants are not, nor have they ever been, authorized distributors or licensees of Smoore Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Smoore Marks, nor has Plaintiff consented to Defendants' use of marks

2

that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Smoore Marks;

14. Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial;

15. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Smoore Marks;

    b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused, harmed and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Smoore Products; and

    c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Smoore Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Smoore Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Smoore Marks and records relating thereto that are in

3

their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

16. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Smoore Marks and to its reputations if a temporary restraining order is not issued;

17. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Smoore Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Smoore Products;

18. Plaintiff has not publicized its request for a temporary restraining order in any way;

19. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

20. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Smoore Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to

comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

21. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Smoore Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Smoore Marks;

2) directly or indirectly infringing in any manner Plaintiff's Smoore Marks;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Smoore Marks, to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Smoore Marks and/or any other marks that are confusingly similar to the Smoore Marks, on or in connection with Defendants' manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(I) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) above.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom __1106__ of the United States District Court for the Southern District of New York at ~~XXXXXXXXXXXX~~40 Foley Square, New York, New York on December 5_____, 2019 at __10:40_____ a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before November 25_____, 2019. ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXX2019~~.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

**IV.** __Order Authorizing Bifurcated and Alternative Service by Electronic Means__

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants with Merchant Storefronts if it is completed by ~~XXXXXXXXXXXXXXXX~~ November 14, 2019 by the following means:

   1)    delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified pursuant to **Paragraph V(C)**.

B. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants with Merchant Storefronts on Alibaba and AliExpress if it is completed by the following means:

   1)    delivery of a message to such Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(C)** of this Order.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons in the name of "Anuonuo International Trade Company and all other Defendants identified in the Complaint" that will apply to all Defendants.

F. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

   1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

   3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at xieqt@pingpongx.com and legal@pingpongx.com and Matthew Ball, counsel for PingPong Global Solutions Inc., at Matthew.Ball@khgates.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Rachel Wang, Legal Counsel, Alibaba Group at Rachel.Wy@alibaba-inc.com and Chloe He, Legal Counsel Alibaba Group at Chloe.He@alibaba-inc.com;

6) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where eBay, via eBay's Registered Agent, will be able to download a PDF copy of this Order via electronic mail at copyright@ebay.com, to Bryce Baker at brybaker@ebay.com and to Joanna Lahtinen at jlahtinen@ebay.com; and

7) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, Inc., via ContextLogic Inc.'s DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic Inc.'s counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com, and Brittany Smith, at Brittany.Smith@btlaw.com.

## V.  **Order Authorizing Expedited Discovery**

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a. their true name and physical address;

    b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User

Accounts and Merchant Storefronts on any Third Party Service Provider platform

that Defendants own and/or operate;

~~d. the complete sales records for any and all sales of Counterfeit Products including~~

~~...~~

~~...~~

~~...~~

~~...~~

e.   the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)   Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)   Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and

account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

   b. current account balances;

   c. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and

14

Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Smoore Marks and/or marks that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Smoore Marks.

## VI.   Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of ten thousand Dollars ( $10,000 ) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.   Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jessica Arnaiz, Derek Zhu and Danielle S. Yamali in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 30th day of October , 2019, XXXXXXXXXXXX.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

15

# SCHEDULE A

| No. | Defendant / Store Name | URL | Email |
|---|---|---|---|
| 1 | Anuxca International Trade Company | | |
| 2 | bestfashion | | |
| 3 | chenxingzhi Express Store | | |
| 4 | eparice | | |
| 5 | Chi Ha Tech (HK) Co., Ltd. | | |
| 6 | ELCASION | | |
| 7 | | | |
| 8 | Elihua Electronic Technology (Shenzhen) Limited | | |
| 9 | findyourwas | | |
| 10 | | | |
| 11 | Dongguan Jiandao Hardware Products Co., Ltd. | | paul@ge3vnchitade.com |
| 12 | Dongguan RMS Home Accessories Factory | | |
| 13 | | | |
| 14 | E-cigarette Store | | |
| 15 | EvoFun E-Cigarettes Store | | |
| 16 | Enzyme Outdoor Sports Club | | |
| 17 | | | |
| 18 | fashion-8u1 | | |
| 19 | flowerxhouf | | |
| 20 | | | |
| 21 | Gmm Gigi | | |
| 22 | Guangxi Bayangtong Technology Co., Ltd. | | sales@sdsvivingcong.com |
| 23 | | | |
| 24 | | | |
| 25 | Hebei Baohao Technology Co., Ltd. | | |
| 26 | herfuro_electronic | | |
| 27 | | | |
| 28 | iVerbuse Store | | |
| 29 | iphone | | |
| 30 | | | |
| 31 | Jayce store | | lit_emms@shighliu.com |
| 32 | | | |
| 33 | Jinhua Chisao E-Commerce Co., Ltd. | | sales3@bmini1ah.com |
| 34 | KravisJ1 | | |
| 35 | | | |
| 36 | kihou984 | | |
| 37 | memomstore24 | | Gsfsd7@belleston3o2o.com |
| 38 | | | |
| 39 | seoyuka2014 | | 1125835510960163.com |
| 40 | | | |
| 41 | Shenzhen Nuohenghda Electronic Technology Co., Ltd. | | |
| 42 | Shenzhen Avaston Technology Co., Ltd. | | |
| 43 | Shenzhen A-Touch Electronic Co., Ltd. | | |
| 44 | Shenzhen BOER Technology Co., Ltd. | | |
| 45 | Shenzhen Bill Technology Co., Ltd. | | |
| 46 | Shenzhen Boruy Yayun Technology Co., Ltd. | | |
| 47 | Shenzhen Brainspot Technology Co., Ltd. | | |
| 48 | Shenzhen Changan Technology Co., Ltd. | | |
| 49 | Shenzhen Chenran Technology Co., Ltd. | | |
| 50 | Shenzhen Chuangzhi Technology Co., Ltd. | | |
| 51 | Shenzhen S-Union Technology Co., Ltd. | | |
| 52 | Shenzhen Ever Doll Technology Co., Ltd. | | |
| 53 | Shenzhen Feineng Innovatech Products Co., Ltd. | | 8283@evoopticng.com |
| 54 | Shenzhen Fumei Cheng Technology Development Company Limited | | |
| 55 | Shenzhen Globaball Technology Co., Ltd. | | |
| 56 | Shenzhen Golden Trading Co., Ltd. | | Ig@gidelssvapor.com |
| 57 | Shenzhen HaoJia Technology Co., Ltd. | | |
| 58 | Shenzhen Hengdilian Technology Co., Ltd. | | info@hengdilian.com |
| 59 | Shenzhen Hong Chuang New Energy Technology Co., Ltd. | | |
| 60 | Shenzhen Bell Technology Co., Ltd. | | sales87@iznooker.com |
| 61 | Shenzhen Huakai Electron Co., Ltd. | | |
| 62 | Shenzhen Huawa Electron Co., Ltd. | | |
| 63 | Shenzhen Huaxin Technology Co., Limited | | charry@yihoch.com |
| 64 | Shenzhen Iglest Electronics Co., Ltd. | | kslsa@hihltm2ga.com |
| 65 | Shenzhen Infest Electronics Co., Ltd. | | |
| 66 | Shenzhen Kylest Electronics Co., Ltd. | | sale4@kylesdexpa.com |
| 67 | Shenzhen Lenka Technology Co., Ltd. | | xilon@mingtu.com |
| 68 | Shenzhen Lishi Technology Co., Ltd. | | |
| 69 | Shenzhen Ulexx Technology Co., Ltd. | | |
| 70 | Shenzhen Uneng Technology Co., Ltd. | | Nancy@huoxtech.com |

| # | Company | URL | Email |
|---|---|---|---|
| 72 | Shenzhen Liyuan Chaopin Technology Co., Ltd. | https://46vapor.en.alibaba.com | |
| 73 | Shenzhen Lexus Electron Co., Ltd. | https://www.alibaba.com/product-detail/2015-Less-freq-CBD-cartridge-C-cell_62277677122.html | |
| 74 | Shenzhen LTQ VAPOR Electronics Co., Ltd. | https://www.alibaba.com/product-detail/2015-Less-Hype-CBD-cartridge_62129511963.html | sales02@ltqvapor.com |
| 75 | Shenzhen Lumia Intelligent Technology Co., Ltd. | https://lbp-techno.en.alibaba.com | |
| 76 | Shenzhen MingHeng Technology Ltd. | https://www.alibaba.com/product-detail/All-in-one-stick-resistant-Vape-pen_62277293976.html | |
| 77 | Shenzhen Mingdih Aten Technology Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-popular-new-e-cigarette_62307200655.html | julie@i4tech.com |
| 78 | Shenzhen Mansa Technology Development Co., Ltd. | https://www.alibaba.com/product-detail/Wooddrilling-2mA-kit-Vape-Kit_62142355676.html | robin@aontech.com |
| 79 | Shenzhen Mattery Technology Co., Ltd. | https://www.alibaba.com/product-detail/CBD-Cartridge-low-resistance_62320020255.html | |
| 80 | Shenzhen Niokxi Technology Co., Ltd. | https://www.alibaba.com/product-detail/Vape-Vaporizer-Kit-new-brand_62926252742.html | bw@niokxi.com |
| 81 | Shenzhen One Light Year Technology Co., Ltd. | https://www.alibaba.com/product-detail/Vape-tank-wood-oil-ceramic-coil_62290506350.html | |
| 82 | Shenzhen Qcig Technology Co., Ltd. | https://www.alibaba.com/product-detail/Hot-selling-high-quality-cig_62108211587.html | sales@weightreport1.en.alibaba.com |
| 83 | Shenzhen Relxen Technology Co., Ltd. | https://www.alibaba.com/product-detail/Fashion-new-e-cig-vape_62143323574.html | |
| 84 | Shenzhen Sailer Electronic Technology Co., Ltd. | https://www.alibaba.com/product-detail/Vape-Mods-Vaporizer-Key-Cartridge-2_62248181847.html | relxenqc.en.alibaba.com |
| 85 | Shenzhen Sunmo Technology Co., Ltd. | https://www.alibaba.com/product-detail/Key-Prekash-High-Quality-510-Style_62304369594.html | ze0cig.en.alibaba.com |
| 86 | Shenzhen Sirry Technology Co., Ltd. | https://www.alibaba.com/product-detail/Vape-tank-C-CELL-CBD-ceramic_62774025774.html | serrorsptch.en.alibaba.com |
| 87 | Shenzhen Svico Technology Co., Ltd. | https://www.alibaba.com/product-detail/2012-Most-popular-vape-cool-vape_62232377068.html | |
| 88 | Shenzhen Thunderstone Technology Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-E-Cigarette-Vape-Resistance_62241435355.html | sales@spiritech.en.alibaba.com |
| 89 | Shenzhen Ueasy Electronics Technology Co., Ltd. | https://www.alibaba.com/product-detail/Disposable-vape-pen-wax-ceramic_62320502623.html | thunderstch.en.alibaba.com |
| 90 | Shenzhen Union Technology Shares Co., Ltd. | https://www.alibaba.com/product-detail/2018-USA-Hot-Selling-E-Cigarette_62325510377.html | unioncigarette.en.alibaba.com |
| 91 | Shenzhen United Crack Vine Industrial Co., Ltd. | https://www.alibaba.com/product-detail/UC5-tank-coil-2ke-old_62254645713.html | uswch.en.alibaba.com |
| 92 | | https://www.alibaba.com/product-detail/E-cartridge-oil-vape-pen-nature_62307575792.html | |
| 93 | Shenzhen Vapesource Electronics Co., Ltd. | https://www.alibaba.com/product-detail/2016-Newest-slim-vape-pen-Vaporizer_62754359252.htm | vapesrb.en.alibaba.com |
| 94 | Shenzhen Weier Technology Co., Ltd. | https://www.alibaba.com/product-detail/Ceramic-core-vap-CBD-C-cell_62133615454.htm | weiertch.en.alibaba.com |
| 95 | Shenzhen Weier Technology Co., Ltd. | https://www.alibaba.com/product-detail/2015-Vaporesso-3mA-Vapor-2mA_62325951502.html | bluer-tech.en.alibaba.com |
| 96 | Shenzhen XCR Technology Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-510-Vape-Batter-Preheat_62427283782.html | xcrrch.en.alibaba.com |
| 97 | Shenzhen Yark Technology Co., Ltd. | https://www.alibaba.com/product-detail/Disposable-CBD-vape-cartridge-C_62773407056.html | Yorktech.en.alibaba.com |
| 98 | Shenzhen YSF Electronic Co., Ltd. | https://www.alibaba.com/product-detail/High-Quality-510-CBD-Oil-Vape_62832208694.html | |
| 99 | Shenzhen YGT Technology Co., Ltd. | https://www.alibaba.com/product-detail/Vape-High-Quality-disposable-Ceramic_62775396566.html | Qd@ygtech.cn |
| 100 | Shenzhen Yireatai Technology Co., Ltd. | https://www.alibaba.com/product-detail/KVAP-C-Coil-Quartz-Dci-CBD_62765530.html | Yeivirvapse.en.alibaba.com |
| 101 | Shenzhen YFP Technology Co., Ltd. | https://www.alibaba.com/product-detail/Newest-1-ml-Private-510_62140540340.html | |
| 102 | Shenzhen Zhaofeng Photoelectricity Co., Ltd. | https://www.alibaba.com/product-detail/New-551-mm-vape_62546420.html | info@kvaptech.com |
| 103 | | https://www.alibaba.com/item/Disposable-510-42549tp5361 | |
| 104 | Sunlight Work Room | https://www.ebay.com/usr/sunlightsmoke | |
| 105 | Teapeek | https://www.ebay.com/usr/cr5920004 | |
| 106 | ...Technology (Shenzhen) Co., Ltd. | https://www.ebay.com/usr/mcb-bskan21 | |
| 107 | TrailMaxxx1 | https://www.ebay.com/usr/trailmaxxx1 | |
| 108 | Vapefor2012 | https://www.ebay.com/usr/vapefor2012 | |
| 109 | Vox-refer2012 | https://www.wish.com/merchant/593a798420d66edd354656 | |
| 110 | vcargemall | https://www.wish.com/merchant/56371261d6df16574500e27 | |
| 111 | Livelong1901 | https://www.wish.com/merchant/56371261d6df16574500e27 | |
| 112 | | https://www.wish.com/merchant/5840e76d563329cc413412 | |
| 113 | | https://www.wish.com/merchant/5840e76d563329cc413412 | |
| 114 | theapplyson919.com | https://www.alibaba.com/product-detail/MOK-newest-e-cigarette-vaporesso-e-fine_62141357763.html | |
| 115 | Zhenjiang Mok Electronic Cigarette Technology Co., Ltd. | https://mok-ecig.en.alibaba.com | |