Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Shenzhen Smoore Technology Ltd.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/05/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENZHEN SMOORE TECHNOLOGY LTD.,

*Plaintiff*

v.

ANUONUO INTERNATIONAL TRADE COMPANY, BAOLFASHION, BOWEI E-CIGARETTES STORE, CAPRICE, CHI NA TECH (HZ) CO., LTD., CMKTECH, DAIZHIWEI, DIHAO ELECTRONIC TECHNOLOGY (SHENZHEN) LIMITED, DINGXINYAN, DONGGUAN CACUQ ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN JIANQIAO HARDWARE PRODUCTS CO., LTD., DONGGUAN RHS HOME ACCESSORIES FACTORY, EASTPUDOG, E-CIGARETTE STORE, EVAFUN E-CIGARETTES STORE, EXPLORER OUTDOOR SPORTS CLUB, FADED, FASHION-FAT, FLOWERSBUD, GARDON, GREEN CIGS, GUANGXI BAYENGTONG TECHNOLOGY CO., LTD., GUOHUIHUI, HANRONG, HEBEI BONSTER TECHNOLOGY CO., LTD., HORIZON_ELECTRONIC, INEEKVAPE, INEEKVAPE STORE, IPHONE, IVAPE STORE, IVVE.GOODS, JINHUA CHIDAO E-COMMERCE CO., LTD., KRISTY21, KUJATA515, LIUHUI884, MOMSMONEY04, NEWLIVESTYLE, OMNIPOTENT-UP, SEX-PLAZA2014,

**Civil Case No.: 19-cv-9896 (LGS)**

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

SHENGZHEN NUOHENGDA ELECTRONIC TECHNOLOGY CO., LTD.,SHENZHEN AIWOSEN TECHNOLOGY CO., LIMITED, SHENZHEN APEXTOR TECHNOLOGY CO., LTD., SHENZHEN A-TOUCH ELECTRONIC CO., LTD., SHENZHEN AVBAD TECHNOLOGY CO., LTD., SHENZHEN B&E TECHNOLOGY CO., LTD., SHENZHEN BOYOU YUYUN TECHNOLOGY CO., LTD., SHENZHEN BROSVAPOR TECHNOLOGY CO., LTD., SHENZHEN BUDDY TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN CHANGING TECHNOLOGY CO., LTD., SHENZHEN CHENMAN TECHNOLOGY CO., LTD., SHENZHEN CLOUDY TECHNOLOGY CO., LTD., SHENZHEN E-UNION TECHNOLOGY CO., LTD., SHENZHEN EVER DELI TECHNOLOGY CO., LTD., SHENZHEN EXERTION HARDWARE PRODUCTS CO., LTD., SHENZHEN GLOBALEVAPOR TECHNOLOGY COMPANY LIMITED, SHENZHEN GLOBALSELL TECHNOLOGY CO., LTD., SHENZHEN GOLDEN TRADING CO., LTD., SHENZHEN GREEN ALLIANCE TECHNOLOGY CO., LTD., SHENZHEN HENGSHIJIAN TECHNOLOGY CO., LTD., SHENZHEN HONG CHUANG NEW ENERGY TECHNOLOGY CO., LTD., SHENZHEN IBELI TECHNOLOGY CO., LTD., SHENZHEN IISMOOKER TECHNOLOGY CO., LTD., SHENZHEN INNSEED TECHNOLOGY CO., LTD., SHENZHEN ITSUWA ELECTRON CO., LTD., SHENZHEN JIAHAOJIA TECHNOLOGY CO., LIMITED, SHENZHEN KAIWEI ELECTRONICS CO., LTD., SHENZHEN KALESI ELECTRONICS CO., LTD., SHENZHEN LEMAGA TECHNOLOGY CO., LTD., SHENZHEN LEXIN TONG DIGITAL TECHNOLOGY CO., LTD., SHENZHEN LINCOE TECHNOLOGY CO., LTD., SHENZHEN LISHENG TECHNOLOGY CO., LTD., SHENZHEN LIUYANG CHUANGZHI TECHNOLOGY CO., LTD., SHENZHEN LOTUS ELECTRON CO., LTD., SHENZHEN LTQ VAPOR ELECTRONICS CO., LTD., SHENZHEN LUMIN INTELLIGENT TECHNOLOGY CO., LTD., SHENZHEN MINGJIETONG TECHNOLOGY LTD., SHENZHEN MINGXIN ASON TECHNOLOGY CO., LTD., SHENZHEN MIST TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN NEXTREND TECHNOLOGY CO., LTD.,

SHENZHEN NICKVI TECHNOLOGY CO., LTD., SHENZHEN ONE LIGHT YEAR TECHNOLOGY CO., LTD., SHENZHEN OVNS TECHNOLOGY CO., LTD., SHENZHEN RELAXO TECHNOLOGY CO., LTD., SHENZHEN SELLOT ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN SERISVAPE TECHNOLOGY CO., LTD., SHENZHEN SKEY TECHNOLOGY CO., LTD., SHENZHEN SYIKO TECHNOLOGY CO., LTD., SHENZHEN THUNDERSTONE TECHNOLOGY CO., LTD., SHENZHEN THUNDERY TECHNOLOGY CO., LIMITED, SHENZHEN UNION TECHNOLOGY SHARES CO., LTD., SHENZHEN UNITED CHONG HING INDUSTRIAL CO., LTD., SHENZHEN VAPE LAB CO., LTD., SHENZHEN VAPESOURCING ELECTRONICS CO., LTD., SHENZHEN WEJOY TECHNOLOGY CO., LTD., SHENZHEN XINXINXIN TECHNOLOGY CO., LTD., SHENZHEN XLC TECHNOLOGY CO., LTD., SHENZHEN YARK TECHNOLOGY CO., LTD., SHENZHEN YDF ELECTRONIC CO., LTD., SHENZHEN YGREEN TECHNOLOGY CO., LTD., SHENZHEN YIYEXIN TECHNOLOGY CO., LTD., SHENZHEN YPP TECHNOLOGY CO., LTD., SHENZHEN ZHAODENG PHOTOELECTRICITY CO., LTD., SOULMATE VAPE STORE, SUNLIGHT WORK ROOM, TABLEOK, TORCH TECHNOLOGY (SHENZHEN) CO., LTD., TRAIL-BLAZER21, TRS-SELLER2012, TRUSTSELLER2018, WANGMINGLI, WEIHONG9901, XUANZI, ZHAOYANGYANG, ZHENAIYICUN@163.COM AND ZHENJIANG MOK ELECTRONIC CIGARETTE TECHNOLOGY CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Smoore** | Shenzhen Smoore Technology Ltd. |
| **Defendants** | Anuonuo International Trade Company, baolfashion, BoWei E-Cigarettes Store, caprice, Chi Na Tech (HZ) Co., Ltd., cmktech, daizhiwei, Dihao Electronic Technology (Shenzhen) Limited, dingxinyan, Dongguan Cacuq Electronic Technology Co., Ltd., Dongguan Jianqiao Hardware Products Co., Ltd., Dongguan RHS Home Accessories Factory, eastpudog, e-cigarette Store, EvaFun E-Cigarettes Store, Explorer Outdoor Sports Club, faded, fashion-fat, flowersbud, gardon, Green Cigs, Guangxi Bayengtong Technology Co., Ltd., guohuihui, hanrong, Hebei Bonster Technology Co., Ltd., horizon_electronic, ineekvape, iNeekvape Store, iphone, iVape Store, ivve.goods, Jinhua Chidao E-Commerce Co., Ltd., Kristy21, kujata515, liuhui884, momsmoney04, newlivestyle, Omnipotent-up, sex-plaza2014, Shengzhen Nuohengda Electronic Technology Co., Ltd.,Shenzhen Aiwosen Technology Co., Limited, Shenzhen Apextor Technology Co., Ltd., Shenzhen A-Touch Electronic Co., Ltd., Shenzhen AVBAD Technology Co., Ltd., Shenzhen B&E Technology Co., Ltd., Shenzhen Boyou Yuyun Technology Co., Ltd., Shenzhen Brosvapor Technology Co., Ltd., Shenzhen Buddy Technology Development Co., Ltd., Shenzhen Changing Technology Co., Ltd., Shenzhen Chenman Technology Co., Ltd., Shenzhen Cloudy Technology Co., Ltd., Shenzhen E-Union Technology Co., Ltd., Shenzhen Ever Deli Technology Co., Ltd., Shenzhen Exertion Hardware Products Co., Ltd., Shenzhen Globalevapor Technology Company Limited, Shenzhen Globalsell Technology Co., Ltd., Shenzhen Golden Trading Co., Ltd., Shenzhen Green Alliance Technology Co., Ltd., Shenzhen Hengshijian Technology Co., Ltd., Shenzhen Hong Chuang New Energy Technology Co., Ltd., Shenzhen Ibeli Technology Co., Ltd., Shenzhen IIsmooker Technology Co., Ltd., Shenzhen Innseed Technology Co., Ltd., Shenzhen Itsuwa Electron Co., Ltd., Shenzhen Jiahaojia Technology Co., Limited, Shenzhen Kaiwei Electronics Co., Ltd., Shenzhen Kalesi Electronics Co., Ltd., Shenzhen Lemaga Technology Co., Ltd., Shenzhen Lexin Tong Digital Technology Co., Ltd., Shenzhen Lincoe Technology Co., Ltd., Shenzhen Lisheng Technology Co., Ltd., Shenzhen Liuyang Chuangzhi Technology Co., Ltd., Shenzhen Lotus Electron Co., |

| | Ltd., Shenzhen LTQ VAPOR Electronics Co., Ltd., Shenzhen Lumin Intelligent Technology Co., Ltd., Shenzhen Mingjietong Technology Ltd., Shenzhen Mingxin Ason Technology Co., Ltd., Shenzhen Mist Technology Development Co., Ltd., Shenzhen Nextrend Technology Co., Ltd., Shenzhen Nickvi Technology Co., Ltd., Shenzhen One Light Year Technology Co., Ltd., Shenzhen Ovns Technology Co., Ltd., Shenzhen Relaxo Technology Co., Ltd., Shenzhen Sellot Electronic Technology Co., Ltd., Shenzhen Serisvape Technology Co., Ltd., Shenzhen Skey Technology Co., Ltd., Shenzhen Syiko Technology Co., Ltd., Shenzhen Thunderstone Technology Co., Ltd., Shenzhen Thundery Technology Co., Limited, Shenzhen Union Technology Shares Co., Ltd., Shenzhen United Chong Hing Industrial Co., Ltd., Shenzhen Vape Lab Co., Ltd., Shenzhen Vapesourcing Electronics Co., Ltd., Shenzhen Wejoy Technology Co., Ltd., Shenzhen Xinxinxin Technology Co., Ltd., Shenzhen XLC Technology Co., Ltd., Shenzhen Yark Technology Co., Ltd., Shenzhen YDF Electronic Co., Ltd., Shenzhen Ygreen Technology Co., Ltd., Shenzhen Yiyexin Technology Co., Ltd., Shenzhen YPP Technology Co., Ltd., Shenzhen Zhaodeng Photoelectricity Co., Ltd., Soulmate Vape Store, Sunlight Work Room, tableok, Torch Technology (Shenzhen) Co., Ltd., trail-blazer21, trs-seller2012, trustseller2018, wangmingli, weihong9901, xuanzi, zhaoyangyang, zhenaiyicun@163.com ~~and Zhenjiang Mock Electronic Cigarette Technology Co., Ltd.~~ |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price |

| | |
|---|---|
| | formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Addresses** | 20 Cooper Square, New York, NY 10003<br>105 Avenue B, Apt 4B, New York, NY 10009<br>244 Madison Ave, Suite 411, New York, NY 10016<br>944 Havemeyer Ave, Bronx, NY 10473 |
| **Complaint** | Plaintiff's Complaint filed on October 25, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 25, 2019 |
| **Zhu Dec.** | Declaration of Derek Zhu in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Smoore Brands** | Smoore owns and operates numerous electronic cigarette brands, including CCELL and VAPORESSO |
| **CCELL Products** | Electronic cigarette products including cartridges, atomizers, batteries, disposables and related accessories promoted and sold through the CCELL brand |
| **VAPORESSO Products** | Electronic cigarettes including vape mods, kits, tanks, coils and related accessories promoted and sold through |

| | |
|---|---|
| | the VAPORESSO brand |
| **Smoore Products** | CCELL Products and VAPORESSO Products |
| **CCELL Marks** | U.S. Trademark Registrations Nos.: 5,633,060 for "CCELL" for goods in Class 34; 5,462,670 for "CCELL" for goods in Class 9; and 5,435,824 for "CCELL" for goods in Class 34 |
| **VAPORESSO Registration** | U.S. Trademark Registration No. 4,920,266 for "Vaporesso" for goods in Classes 9, 34 and 35 |
| **VAPORESSO Application** | U.S. Trademark Serial Application No. 88/603,037 for "VAPORESSO" for a variety of goods in Class 34 |
| **VAPORESSO Marks** | The marks covered by the VAPORESSO Registration and VAPORESSO Application |
| **Smoore Marks** | CCELL Marks and VAPORESSO Marks |
| **CCELL Website** | www.ccell.com |
| **VAPORESSO Website** | www.vaporesso.com |
| **Counterfeit Products** | Products bearing or used in connection with one or more of the Smoore Marks, and/or products in packaging and/or containing labels and/or hang tags bearing one or more of the Smoore Marks, and/or bearing or used in connection with marks that are confusingly similar to the Smoore Marks and/or products that are identical or confusingly similar to one or more of the Smoore Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, eBay and Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |

WHERAS, Plaintiff having moved *ex parte* on October 25, 2019 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 30, 2019 which ordered Defendants to appear on December 5, 2019 at 10:40 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS on November 12, 2019, Plaintiff filed a letter requesting that the Court extend the TRO through December 5, 2019, the date of the Show Cause Hearing;

WHEREAS, on November 13, 2019, the Court entered an Order granting Plaintiff's request to extend the TRO through December 5, 2019, the date of the Show Cause Hearing ("November 13, 2019 Order");

WHEREAS, on November 11, 2019, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on December 5, 2019 at 10:40 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

This order shall apply to those Defendants identified in the Glossary only.  An order as to Defendant Zhenjiang MOK Electric Cigarette Technology Co., LTD. shall issue separately.

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of

the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Smoore Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Smoore Marks;

    ii. directly or indirectly infringing in any manner any of Plaintiff's Smoore Marks;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Smoore Marks to identify any goods or services not authorized by Plaintiff;

    iv. using any of Plaintiff's Smoore Marks or any other marks that are confusingly similar to the Smoore Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until

3

further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

 b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all

persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;
   vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the

beneficiary's bank and the beneficiary's account number;

 vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

 viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

 ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

 x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Smoore Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Smoore Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Smoore Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Smoore Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified pursuant to **Paragraph V(C)** of the TRO.

b) The service contemplated in paragraph 4(a), above, may, if possible, be effected through delivery of a message Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where DHgate (including DHPay.com) will be able to download a PDF copy of

this Order via electronic mail to Ms. Emily Zhou, Intellectual Property Management, Trust and Safety Department, DHgate at zhouxu@dhgate.com;

c) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

d) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at xieqt@pingpongx.com and legal@pingpongx.com and Matthew Ball, counsel for PingPong Global Solutions Inc., at Matthew.Ball@khgates.com.

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Rachel Wang, Legal Counsel, Alibaba Group at Rachel.Wy@alibaba-inc.com and Chloe He, Legal Counsel Alibaba Group at Chloe.He@alibaba-inc.com;

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

eBay, via eBay's Registered Agent, will be able to download a PDF copy of this Order via electronic mail at copyright@ebay.com, to Bryce Baker at brybaker@ebay.com and to Joanna Lahtinen at jlahtinen@ebay.com; and

h) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, Inc., via ContextLogic Inc.'s DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic Inc.'s counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com, and Brittany Smith, at Brittany.Smith@btlaw.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

DATED: December 5, 2019
      New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE